**United States District Court**
**Northern District of Alabama**
**Southern Division**

01 FEB 28 AM 10: 48

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| **Argonaut Great Central Insurance Company,** | ] |
| Plaintiff, | ] |
| vs. | ] CV-99-N-2380-S |
| **Basil's Grill & Wine Bar, Inc. d/b/a Blue Monkey, Basil's Grill and Wine Bar, Inc., and the Blue Monkey Private Club, et al.,** | ] |
| Defendants. | ] |



ENTERED
FEB 2 8 2001

**Memorandum of Opinion**

## I.  Introduction.

This matter is before the court on plaintiff's Motion for Summary Judgment (Doc. 42). The motion has been fully briefed and the parties were heard orally on Tuesday, February 27, 2001. The motion is ripe for decision. Upon due consideration, the motion will be **GRANTED** and the action will be **DISMISSED**.

## II.  Statement of Facts.[1]

Great Central issued commercial general liability policy number RS 9103582-00 to Basil's Grill & Wine Bar, Inc. d/b/a Blue Monkey on or about March 11, 1997. This policy was in effect on June 3, 1997. Great Central issued commercial umbrella liability policy number UMB 9103582-00 to Basil's Grill & Wine Bar, Inc. d/b/a Blue Monkey on or about March 11, 1997. This policy was in effect on June 3, 1997.

---

[1] There are no disputed facts in this case.



Policy number RS 9103582 contains a Standard Liquor Liability Exclusion which provides, in part, that the policy does not cover:

> **c. Liquor Liability**
>
> "Bodily injury" or "property damage" for which any insured may be held liable by reason of: (1) Causing or contributing to the intoxication of any person; (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages. This exclusion only applies if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

Policy number UMB 9103582-00 contains an exclusion which provides that the policy does not cover:

> "Bodily injury" or "property damage" for which any insured may be held liable by reason of: (1) causing or contributing to the intoxication of any person; (2) the furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or (3) any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages. This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

Basil's Grill & Wine Bar Inc. d/b/a Blue Monkey is in the business of distributing, selling, serving or furnishing alcoholic beverages.

A complaint filed on or about June 3, 1999, in the Circuit Court of Jefferson County, Alabama, CV-9903203 ("the Pitter lawsuit"), alleges that on or about June 3, 1997, Nikisha Pitter, a female under the legal drinking age, went to Basil's Grill & Wine Bar, Inc. d/b/a Blue Monkey ("Blue Monkey") in Jefferson County, Alabama, with one female and two male companions who were also under the legal drinking age. The four young people were served a number of drinks at Blue Monkey, despite the fact that all of them were under the legal drinking age. Ms. Pitter became intoxicated as a result of consuming drinks at Blue Monkey. After leaving the Blue Monkey, Ms. Pitter was allegedly raped by the two males

who had accompanied her to the Blue Monkey. The Pitter lawsuit alleges that the Blue Monkey: (1) negligently or wantonly failed to supervise its employees who knew, or should have known, that Ms. Pitter and her companions were under the legal drinking age but nevertheless sold and furnished alcoholic beverages to them; (2) violated § 6-5-70 ("Unlawful sale [of liquor], etc., to minors; right of action") and § 6-5-71("Unlawful sale [of liquors], etc., right of action in injured party") of the Alabama Code and caused or contributed to the intoxication of the two males who committed the alleged sexual assault against Ms. Pitter; and (3) negligently or wantonly failed to train, monitor, and supervise its employees in the responsible and lawful sale of alcohol to persons of lawful age.

No one from Great Central and no insurance agent ever represented to the Blue Monkey or its representatives that either the general commercial liability policy or the umbrella policy at issue in this lawsuit provided liquor liability coverage as of the date of the incident at issue in the Pitter lawsuit. Moreover, no one from Great Central and no insurance agent ever suppressed or withheld from the Blue Monkey the fact that the two policies did not provide liquor liability coverage.

According to the Amended Complaint [Doc. 16], Argonaut seeks a declaratory judgment that it has no duty to defend anyone against Pitters' claims, has no duty to indemnify for the Pitters' claims, and has no duty to pay any judgment or settlement on behalf of Blue Monkey to anyone for anything related to Pitters' claims.

## III.   Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. *Id.* at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

4

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52; *see also Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745 n.11 (1983) (indicating the standard for summary judgment is "[s]ubstantively . . . very close" to that for motions for directed verdict). However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the evidence is "merely colorable, [ ]or is not significantly probative, [ ]summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *accord Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989).

Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are

functions of the jury, and, therefore, "[t]he evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. The nonmovant need not be given the benefit of every inference but only of every reasonable inference. *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## IV. Discussion

Great Central maintains that the liquor liability exclusion precludes it from defending Blue Monkey in the underlying state court action and from coverage of Blue Monkey in the underlying lawsuit.[2] Blue Monkey "asserts that there are additional allegations for negligence and wantonness as well as invasion of privacy[3] which are covered . . . under a general liability policy of insurance." (Blue Monkey's Resp. to Mot. for Summ. J. filed on behalf of Great Central at 9.) All facts being undisputed, the question left for the court is whether the liquor liability exclusion precludes a duty to defend Blue Monkey and coverage for any liability resulting from Pitter's state court action.

"Insurance contracts, like other contracts, are construed to give effect to the intention of the parties, and when that intention is clear and unambiguous, the insurance policy must be enforced as written." *Nationwide Mut. Ins. Co. v. Hall*, 643 So. 2d 551, 558 (Ala. 1994). The liquor liability exclusion in this case is unambiguous. *See, e.g., Aetna Cas. & Sur. Co. v. Holsten*, No. 95-3035, 1996 U.S. App. LEXIS 29055, at *7-8 (4th Cir. Nov. 7, 1995); *Capitol Indem. Corp. v. Blazer*, 51 F. Supp. 2d 1080, 1088 (D. Nev. 1999) (listing courts

---

[2]Great Central also asserts that the sexual misconduct exclusion precludes coverage. The exclusion, however, covers the sexual misconduct of only officers, employees, or volunteer workers, not customers. (*See* Movant's Initial Submission at 15.)

[3]The invasion of privacy claim appears to be made against the alleged rapists only, and not Blue Monkey. That portion of the underlying complaint alleging invasion of privacy refers to the conduct of the two alleged rapists and not Blue Monkey.

6

that have found similarly worded exclusions to be unambiguous); *B.L.G. Enters., Inc. v. First Fin. Ins. Co.*, 514 S.E.2d 327, 331 (S.C. 1999) (same); *Kelly v. Painter*, 504 S.E.2d 171, 174 (W. Va. 1998) (finding no ambiguity in a liquor liability exclusion identical to the exclusion in this case). Further, all of the claims made by Pitter against Blue Monkey are based on the sale of alcohol by Blue Monkey to Pitter and her companions that night. As such, Alabama law supports a conclusion that Great Central has no duty to defend Blue Monkey in the state court action and has no liability for coverage. In *Woodall v. Alfa Mutual Ins. Co.*, 658 So. 2d 369 (Ala. 1995), a convenience store sold or gave alcohol to a minor, who was involved in an automobile accident after consuming the alcohol. *Id.* at 370. One of the passengers in the minor's car was killed in the accident, and her parents brought a wrongful death action against the store owner. *Id.* The liquor liability exclusion in the commercial general liability policy in the case was identical to the exclusion in Blue Monkey's policy. *Id.* at 371. The question at issue in the case was whether the convenience store was in the business of selling alcohol. The court found it was in such a business, and therefore the exclusion applied to the wrongful death claim. *Id.* at 372. In *Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins. Co.*, 792 F.2d 1036, 1040-42 (11th Cir. 1986) the Eleventh Circuit applied Alabama law in a case in which two teenage boys were served alcohol by an entity in the business of selling alcohol. *Id.* at 1038. The boys died in an automobile accident after consuming the alcohol. *Id.* The court held that the insurer did not breach its duty to defend or deny coverage unlawfully in accord with the policy's liquor liability exclusion. The exclusion "expressly state[d] that the policy does not cover injuries where the insured's liability is predicated on its status as a business engaged in selling or serving alcoholic beverages." *Id.* at 1040.

7

The holdings of the Alabama Supreme Court and the Eleventh Circuit are supported by the findings of courts nationwide. *See, e.g., Holsten,* 1996 U.S. App. LEXIS 29055, at *2 (holding, when an intoxicated person purchased liquor from a convenience store, drove drunk, and collided with a car killing a person in the car, that the insurer did not have to provide liability coverage to the convenience store that sold the liquor because of a liquor liability exclusion identical to the one in this case); *Interstate Fire & Cas. Co. v. 1218 Wisconsin, Inc.*, 136 F.3d 830, 832 (D.C. Cir. 1998) (finding, in case in which woman was beaten outside a bar which served her attacker substantial amounts of alcohol, that liquor liability exclusion which exempts coverage for injury resulting from bar's "causing or contributing to the intoxication of any person" precluded coverage of claims of negligent provision of alcohol to the attacker and negligent hiring, training, and supervision of workers who served attacker alcohol); *Blazer,* 51 F. Supp. 2d at 1089 (finding liquor liability exclusion, appearing to be identical to the exclusion in this case, barred coverage for claims that a bar "(1) caused excessive amounts of alcohol to be served [to alleged attackers]; (2) knew or should have known that [the bartender's] conduct constituted a likelihood of assault and battery [by the attackers upon the person attacked]; and (3) failed to take reasonable steps to prevent the assault and battery by continuing to serve alcohol"); *B.L.G. Enterprises,* 514 S.E.2d at 328, 331 (holding, in case involving liquor liability exclusion with similar language, that tavern was not covered for liability due to employee serving alcohol to intoxicated woman who later drove and collided with another car, severely injuring the other driver); *Kelly,* 504 S.E.2d at 175 ("We believe the plain meaning intended in this policy is that [a bar] would not be afforded coverage when a patron had been drinking at the bar and was involved in an accident thereby injuring himself or herself or a third

person."); *Sprangers v. Greatway Ins. Co.*, 514 N.W.2d 1, 3 (Wis. 1994) (holding, in case involving same liquor liability exclusion as this case, that a VFW post which served alcohol was not covered for liability for serving alcohol to an underage drinker who left the VFW intoxicated, drove, and hit and killed two persons).  Great Central has no duty to defend, indemnify, or pay any judgment or settlement on behalf of Blue Monkey.

An appropriate judgment will be entered contemporaneously with this memorandum of opinion.

Done, this **27th** of February, 2001.

Edwin Nelson
United States District Judge